# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *  | |
| CHRISTINA SCHNIEGENBERG and  * | |
| GREG SCHNIEGENBERG, legal  * | |
| representatives of a minor child,  * | |
| M.S.,  * | No. 13-347V |
| * | Special Master |
| * | Christian J. Moran |
| Petitioners,  * | |
| * | |
| v.  * | |
| * | Filed: April 29, 2014 |
| SECRETARY OF HEALTH  * | |
| AND HUMAN SERVICES,  * | DTaP; Seizure Disorder; |
| * | SCN1A gene mutation; |
| Respondent.  * | Ruling on the Record |
| * * * * * * * * * * * * * * * * * * * * * * * * *  | |

Martin James Martinez, Napa, CA, for petitioner;
Althea Walker Davis, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION [1]

     Christina and Greg Schniegenberg, filed a petition as legal representatives of a minor child, M.S., under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2006), on May 21, 2013. Their petition alleged that M.S. experienced adverse reactions to the pertussis component of the diphtheria and tetanus toxoids and acellular pertussis vaccine ("DTaP"). Petitioners allege that

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

DTaP induced generalized tonic seizures and the development of a seizure disorder. However, the evidence fails to support an award for petitioners.

I. **Procedural History**

After filing the petition on May 21, 2013, petitioners subsequently submitted medical records. Exhibits 1-15. On December 13, 2013, petitioners filed a statement of completion. On January 13, 2014, respondent indicated that the record was sufficiently complete for her to prepare a Rule 4 report.

On January 23, 2014, petitioners filed a status report in which they expressed their intent to file an amended petition to add a Table encephalopathy claim. However, petitioners filed a status report on February 10, 2014, declining to amend their petition.

Respondent's Rule 4 report was filed on February 14, 2014, indicating that the petitioners' medical records revealed M.S. had an SCN1A gene mutation. Resp't's Rep't at 8. During a status conference held on February 18, 2014, the undersigned informed petitioners that, in light of recent decisions from the Federal Circuit concerning alleged vaccine-caused injuries and SCN1A gene mutations, they may lack a reasonable basis to proceed in this case.

Correspondingly, on April 7, 2014, petitioners moved for the court to rule on the record a ruling on the record. Petitioners did not cite any evidence supporting their claim. Respondent did not file any response in writing, relying presumably on her Rule 4 report. Accordingly, this case is now ready for adjudication.

II. **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that M.S. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that M.S. suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In

2

this case, because the medical records do not support petitioners' claim, a medical opinion must be offered in support. Petitioners, however, offered no such opinion.

Accordingly, it is clear from the record in this case that petitioners failed to demonstrate either that M.S. suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

IT IS SO ORDERED.

S/Christian J. Moran
Christian J. Moran
Special Master
